HUNTER et al. v. WM. M. ROYLANCE CO.

No. 2579.   Decided August 25, 1914   (143 Pac. 140).

1. SALES—CONTRACT—BUYER'S BREACH—VERDICT. In an action for a buyer's breach of a contract to purchase onions to be grown and delivered, evidence *held* to sustain a verdict for plaintiff. (Page 137.)

2. TRIAL—INSTRUCTIONS—VERDICT. Where, in an action for a buyer's breach of a contract to purchase onions which were to be fully matured, defendant sought to justify by proof that the onions were not fully matured, which was a contested issue, and the court charged that the fact that some of the onions were matured before they were taken from the ground was not a compliance with the contract, and that plaintiffs must prove, by a preponderance of the evidence, that they raised for the defendant substantially three acres of the kind and quality specified in the contract, a verdict for plaintiffs for much less than plaintiffs claimed they were entitled to recover did not necessarily show that the jury found that the onions were not fully matured, and that they therefore did not follow the charge of the court, since it was equally inferable that the jury found the onions were fully matured but did not award plaintiff full compensation. (Page 138.)

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—OBJECTIONS IN TRIAL COURT. A charge requested by defendant and not complained of by plaintiff by a cross-assignment of error is not reviewable. (Page 139.)

4. APPEAL AND ERROR—RIGHT TO ALLEGE ERROR—REQUEST TO CHARGE. One who induces the trial court to give an improper instruction cannot complain of it on appeal. (Page 139.)

5. SALES—CONTRACT—CONSTRUCTION. Where plaintiffs contracted to grow three acres of onions for defendant, the onions to be fully matured and cured with tops on, and then cleanly topped and run over a screen with 1¾-inch mesh, properly assorted and sacked, etc., defendant was bound to take all the onions grown on the quantity of land specified, and was not entitled to refuse to take any of the onions because substantially all of those grown on the three acres were not fully matured. (Page 139.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan,* Judge.

Action by R. E. Hunter and another against the Wm. M. Roylance Company.

Judgment for plaintiffs. Defendant appeals.

AFFIRMED.

*J. W. N. Whitecotton* for appellant.

*Parker & Robinson* for respondent.

STRAUP, J.

The plaintiffs and the defendant entered into this contract: The plaintiffs agreed to grow for and sell to the defendant, "all onions up to specifications grown on three acres of land at American Fork, Utah: Onions to be fully matured and cured with tops left on. Then cleanly topped and run over a screen with 1¾-inch mesh, properly assorted and sacked under the direction of the company. Delivery to be made within a reasonable time after orders from the company so to do. Not later than 15th of Nov. 1912. In consideration whereof the company agrees to pay the grower (plaintiffs) for said onions 70c cwt. our sks f. o. b. cars or warehouse P. Grove." In pursuance of it the plaintiffs planted three acres of onions, in fact, seven. Of course, only three are involved here. The controversy is as to whether the onions came up to the specifications named in the contract. The

defendant contended that they did not, and hence refused to
accept them. The plaintiffs, contending the contrary, sued
the defendant on breach of contract, claiming $610 damages.
The case was tried to the court and a jury. A verdict was
rendered in favor of the plaintiffs for fifty-three dollars. The
defendant appeals. His first contention is that the verdict is
contrary to the evidence. No motion was made for a non-
suit, nor for a directed verdict; nor was any request made to
withhold the case from the jury. After the verdict was ren-
dered a motion was made by the defendant for a new trial on
the grounds of "insufficiency of the evidence to justify the
verdict, and that the verdict is against law." The motion was
overruled. Complaint is also made of that.

There is no dispute but that the plaintiffs planted more
than three acres, that the crop was abundant, and that the
onions in size came up to the specifications of the con-
tract. What divided the parties is this: The defend-
ant contended that the onions were not fully matured,
and on that ground refused to accept them. The plaintiffs
asserted the contrary, and claim that they offered "to sack
the onions under the directions of the" defendant, but that
it failed to and refused to furnish sacks or to accept the
onions. One of the plaintiffs testified that substantially
all of the onions were matured "at the time the con-
tract was due and at the time we dug them," and that
they could have been sacked and delivered by the 15th of
November had the defendant furnished the sacks and di-
rected the onions to be sacked. The other plaintiff testified
that under the contract he had cared for about 1½ acres,
and that a majority of the onions raised on his patch was
matured. Still another witness for the plaintiffs testified
that a great majority of the onions raised by the plaintiffs
was matured. The witnesses for the defendant testified that
only about ten per cent of the onions was matured, and for
that reason the defendant refused to accept them. There
hence is ample evidence to support the verdict.

But the chief contention of the defendant is that the ver-
dict as rendered is contrary to the charge. At the request
of the defendant the court gave this:

"Before the plaintiffs are entitled to recover in this action, they must satisfy you by a preponderance of the evidence that they raised for the defendant substantially three acres of onions, fully matured, and cured with the tops left on, and I charge you that unless the plaintiffs have proved these facts by the preponderance of the evidence, they have failed to prove that they have complied with the terms of their contract, which they rely upon in this action. * * * I further charge you that the mere fact, if it be found by you to be a fact, that some of the onions were matured before they were taken from the ground is not the compliance with the contract by the plaintiffs, but they must satisfy you by a preponderance of the evidence that they raised for the defendant substantially three acres of onions of the kind, quality, and in the condition specified in the contract, and if they have not done so, your verdict must be for the defendant, no cause of action."

The jury rendered a verdict for fifty-three dollars. The defendant now contends that upon the charge and the evidence no such verdict could properly be rendered, and for that reason the court ought to have set it aside. To support that the defendant urges that, under the charge, before the jury could render a verdict in favor of the plaintiffs, the jury were required to find the plaintiffs had raised "for the defendant substantially three acres of onions fully matured," etc.; and, since they rendered a verdict for only fifty-three dollars, it manifestly appears, as is argued, that they must have found, as shown by the defendant's evidence, that only about ten per cent of the onions raised by the plaintiffs was matured, and that in such event, under the charge, no verdict could be rendered for the plaintiffs. In the first place a conclusion as to a specific finding embraced within a general verdict, and based merely upon the amount of the verdict, is at most speculative and conjectural. But let us look at this. To prevail, the defendant must not only show that the jury disobeyed the charge, but also that it disobeyed it to its prejudice. The fact that the jury rendered a verdict for but fifty-three dollars argues as much to the plaintiffs' as to the defendant's prejudice. On the evidence, that adduced by the plaintiffs, the

jury could have found that the plaintiffs had raised substantially three acres of fully matured onions. So, on the evidence and under the charge, the jury could have rendered a much larger verdict, one substantially equal to the demand of the complaint. They were directed that before the plaintiffs were entitled to recover they were required to find that the plaintiffs had raised substantially three acres of fully matured onions. Until the contrary is shown, it will be presumed the jury obeyed the charge. They found in favor of the plaintiffs; hence must it also be presumed that they found as they could have found, that the plaintiffs had raised substantially three acres of fully matured onions. But they rendered a verdict for only fifty-three dollars. That is, the jury, in obedience to the charge, may have found that the plaintiffs had raised substantially three acres of fully matured onions, but for some reason failed to award all that the plaintiffs were entitled to. It is no more unreasonable to assume that than that the jury ignored or disobeyed the charge in the particular claimed. So the fact that the jury rendered a verdict for only fifty-three dollars does not necessarily argue that they found that only ten per cent of the onions raised were matured, and then rendered a verdict in disobedience or open defiance of the charge. It as well argues that the jury may have found that three acres of fully matured onions had been raised, but did not award plaintiffs full compensation, and thus were the plaintiffs and not the defendant prejudiced. A demonstration which as well shows prejudice to the plaintiffs as to the defendant shows nothing.

Then, does the charge state the law? It was given at the request of the defendant. Of course, it does not complain of it. Neither do the plaintiffs, in the sense that any cross-assignment of error is made. The charge, therefore, is not before us for review to grant plaintiffs **3, 4, 5** any affirmative relief. But the defendant urges prejudice because, as it claims, the jury did not follow the charge. To that extent, and for that purpose, it is before us. If now, the defendant by its request induced the court to. charge something not the law, may it thereafter be heard to complain if the jury did not follow the erroneous charge, an error of

the defendant's own creation? We think not. By the contract, the plaintiffs agreed to grow for and sell to the defendant all onions up to specifications named in the contract grown on three acres of land at American Fork, in consideration of which the defendant agreed to pay plaintiffs seventy cents per hundredweight. The court, at the defendant's request, construed the contract to mean that unless substantially all the onions grown on the three acres were fully matured, the defendant was not obliged to take any. Of course, the defendant was not obligated to take those not up to the specifications named in the contract. But, under the charge, neither was the defendant obligated to accept any, though, as testified to by some of the plaintiffs' witnesses, the great majority of the onions raised by the plaintiffs came up to the specifications and was fully matured. The language of the charge is that there must be ''substantially three acres of onions fully matured,'' etc., before the defendant was obligated to accept any, before the plaintiffs were entitled to recover. That, we think, is not the fair meaning of the contract. It may well be assumed that the parties, for good and apparent reasons, purposely left open and uncertain the quantity of onions the plaintiffs were to sell and the defendant to buy, except as grown on three acres coming up to the specifications named in the contract. All such onions grown on three acres the plaintiffs agreed to sell and the defendant to buy. We think that is the meaning of the contract, and so the court ought to have charged. The contract is bilateral, with reciprocal promises and mutual obligations. Had but one-half of the onions raised by the plaintiffs on the three acres been fully matured and up to the specifications, the plaintiffs could not, without breach, have refused to deliver them; and, likewise, we see no reason in such case why the defendant, without breach, could refuse to accept them on the plaintiffs' tender or offer of delivery. We, therefore, think the defendant, by the charge, got more than it was entitled to, and hence cannot complain if the jury did not obey it. And if the jury, as the defendant contends, allowed the plaintiffs on their tender or offer of delivery the contract price of no more fully matured onions than as shown by the

defendant's evidence, we do not see wherein it is prejudiced. The judgment is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.